WALTON *v.* FAIRCHILD.

(*City Court of New York, Special Term.*   March 25, 1889.)

ATTORNEY AND CLIENT—DISCLOSING CLIENT'S ADDRESS.

   Where a litigation has ceased with a judgment for defendant, which is affirmed on appeal, the attorney for plaintiff cannot be compelled to disclose his late client's address.

Motion to compel attorney to disclose the address of his client.
*E. B. Merrill*, for motion.   *W. W. Badger, contra.*

McADAM, C. J.   There is no doubt as to the authority of the court to direct a plaintiff's attorney to disclose his client's address, but the power should be exercised during the pendency of the action, and while the relation of attorney and client actually exists.   The penalty for refusing the information is visited on the client by staying his action, or, if a defendant, by striking out his plea, (Tidd, Pr., Amer. Notes, 533, 534, and see page 99; *Plaintiffs v. Vanderbilt,* 1 Abb. Pr. 193;) but no punishment is inflicted on the attorney, who is the mere confidential agent of the client, supposed to be acting by his command.   The court will not permit the client to use the machinery of the law for his benefit without disclosing his identity and address, if such disclosure is necessary for the due and orderly administration of justice.

   The present application is to discover the plaintiff's address.   The objection urged is that the action has terminated in a judgment for the defendant, which was affirmed on appeal, with which affirmance the litigation finally closed.   The relation of attorney and client has ceased so far as this action is concerned, but the seal of confidence imposed by the original relation continues, and the attorney cannot now be compelled to disclose his late client's address for the mere purpose of enabling the defendant to pursue him aggressively by new proceedings founded on the judgment.   The same question arose in *Hooper* v. *Harcourt,* 1 H. Bl. 534, and the court was of opinion that the application ought to have been made in a more early stage of the cause, and came too late after verdict, an attorney not being obliged to expose his client to be taken in execution.   The plaintiff has no proceeding to stay.   The application comes too late, and the motion to compel the attorney to disclose his client's address must be denied.   No costs.