### POST v. SCHEIDER.

*(Supreme Court, General Term, Second Department. February 11, 1891.)*

PRACTICE IN CIVIL CASES—ORDER TO DISCLOSE PLAINTIFF'S ADDRESS.

It is in the discretion of the court to grant an order requiring plaintiff's attorney to disclose plaintiff's address, and in default thereof staying the action, and such order will not be disturbed on appeal unless there is a clear abuse of discretion.

Appeal from special term, Queens county.

Action by Thomas L. Post against Joseph Scheider. From an order requiring plaintiff's attorney to disclose plaintiff's address plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George A. Stearns,* for appellant. *Truax & Crandall,* for appellee.

PRATT, J. This is an appeal from an order requiring the plaintiff's attorney to disclose the plaintiff's address, and in default thereof staying the action. The power of the court to grant such is too well established to require argument. *Walton* v. *Fairchild,* 4 N. Y. Supp. 552; Tidd. Pr. (Amer. notes) 533, 534; *Ninety-Nine Plaintiffs* v. *Vanderbilt,* 1 Abb. Pr. 193; *Worton* v. *Smith,* 6 Moore, 110. Such an order is discretionary, and should not be reversed unless there is a clear case of abuse of discretion. We think it was important to the defendant to know the address of the plaintiff, in order that he might take measures to examine him before answering, and to move for security in case the plaintiff is a non-resident. The facts disclosed are sufficient to justify the order, which is affirmed, with costs.