### In re MALCOM.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. ATTORNEY AND CLIENT (§ 63*)—THE RELATION.
    Where parties had never been served or appeared in a suit, but defaulted, and an attorney had not appeared for them, and was not authorized to do so, the relation of attorney and client was not shown.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 85; Dec. Dig. § 63.*]

2. DISCOVERY (§ 42*)—PERSONS FROM WHOM DISCOVERY MAY BE OBTAINED—ATTORNEY—FACTS RELATING TO CLIENT.
    The court has power to compel an attorney to disclose the name and residence of a client, or an alleged client; but such power should be exercised pending the action, and while the relation of attorney and client actually exists between them.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 55; Dec. Dig. § 42.*]

3. APPEAL AND ERROR (§ 875*)—REVIEW—QUESTIONS CONSIDERED.
    On appeal from an order taxing the costs of a reference to take appellant's deposition, the order for the examination is not before the court, not having been appealed from.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 875.*]

4. DISCOVERY (§ 72*)—CONTROL OF COURT—EXAMINATION OF ATTORNEY.
    Where an attorney was examined regarding the address, etc., of an alleged client, but that relation in fact never existed, he was subject to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same control on examination as any other witness, and the same punishment for misconduct, contempt of court, etc., while being examined.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 72.*]

**5. ATTORNEY AND CLIENT (§ 24*) — LIABILITY FOR COSTS—EXPENSES OF REFERENCE.**

An attorney cannot be compelled to pay the expense of a reference to take his deposition concerning the address of certain persons who were not his clients; the attorney occupying the same position as any other witness.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 24.*]

**6. ATTORNEY AND CLIENT (§ 32*)—LIABILITIES—CONTROL OF COURT.**

While the court has jurisdiction over its attorneys as officers of the court in proper proceedings, this summary authority extends only to their professional relations as attorneys.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 32.*]

Appeal from Special Term, New York County.

In the matter of the application of George I. Malcom, committee of Louisa Malcom Stenton, an incompetent, for an order requiring Mortimer E. Joiner to pay the expense of a reference to take his deposition. From an order (113 N. Y. Supp. 255) assessing the expense against him, Joiner appealed. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Everly M. Davis, for appellant.

Nelson S. Spencer (Otto C. Wierum, on the brief), for respondent.

CLARKE, J. The plaintiff is the committee of the person and property of Louisa Malcom Stenton, an incompetent person. He began a suit—Malcom, Committee, v. Gibson et al.—in which two women, Brewster and Stewart, were named as defendants. Before this action was instituted, Mrs. Stenton, who had not then been adjudged incompetent, had begun an action against some of the same defendants. That suit was entitled "Stenton v. Gibson," and in January or February, 1907, an application upon behalf of Nellie Brewster was made by an attorney, Mr. Mortimer E. Joiner, for leave to intervene in that case, and the motion was granted; but the answer was never served, as Mrs. Stenton's attorney refused to accept service of further papers in the action because of the adjudication of incompetency, and nothing further was ever done. The City Real Estate Company then began an action for the foreclosure of a $45,000 mortgage, and at its attorney's request Mr. Joiner appeared for Stewart and Brewster, defendants in that action, having been authorized so to do; but, as neither of them had any further interest in the property, they defaulted. During October, 1907, counsel for plaintiff in Malcom, Committee, v. Gibson wrote and telephoned Mr. Joiner asking the addresses of Stewart and Brewster. Mr. Joiner told counsel that he did not have their addresses and could not give them. Thereafter an order was made appointing a referee to take the deposition of Joiner for use upon a motion to be made in that action to take the deposition of defendants Stewart and Brewster. Thereafter several proceedings were

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had—motions to set aside said order, to modify it, and limit the scope of the examination. The result was generally to support Joiner in his claim that as the former attorney of these parties his examination must be limited; otherwise, the code provisions protecting communications between client and counsel would be violated. The reference finally proceeded, and as a result Joiner testified, as he had notified counsel at the beginning, that he did not know the addresses of the two women, never had known them, and therefore could not give them.

Thereafter a motion was made to charge him with the expenses of the reference, which motion was granted to the extent of requiring him to pay $250. The authority relied upon for this order is Baur v. Betz, 1 How. Prac. (N. S.) 344, where an attorney who had been required to give the address of his client in an action in which he was then representing her had willfully and knowingly given a false address. In the matter at bar it will be observed that these defendants had neither been served nor had appeared in the action, and that Joiner had not appeared for them, and had not been authorized so to appear. He was not, therefore, an attorney in the case in any way, shape, manner, or form. The court has power to compel an attorney to disclose the name and residence of his client, or alleged client. Corbett v. Gibson, 18 Hun, 49; Ninety-Nine Plaintiffs v. Vanderbilt, 4 Duer, 632; Corbett v. De Comeau, 45 N. Y. Super. 587; Post v. Schneider, 59 Hun, 619, 13 N. Y. Supp. 396. But even in these cases, where a penalty has been granted by the court, it has always been against the party to the action by stay of proceedings or by striking out his plea, if a defendant, except where the attorney, in his employment as attorney, has been guilty of deceit, which presents an entirely different question.

This power to compel disclosure, however, would seem to have been confined to the action or proceeding in which the attorney purports to represent the client. "There is no doubt as to the authority of the court to direct a plaintiff's attorney to disclose his client's address; but the power should be exercised during the pendency of the action, and while the relation of attorney and client actually exists. * * * The relation of attorney and client has ceased so far as this action is concerned; but the seal of confidence imposed by the original relation continues, and the attorney cannot now be compelled to disclose his late client's address for the mere purpose of enabling the defendant to pursue him aggressively by new proceedings founded in the judgment." Walton v. Fairchild (City Ct.) 4 N. Y. Supp. 552. In Matter of Shawmut Mining Co., 94 App. Div. 156, 87 N. Y. Supp. 1059, it was held that an attorney need not, on his examination in an action in which he is not acting as attorney, disclose even the names of the clients for whom he acted in a certain transaction conducted with the litigation. Said Mr. Justice Hiscock:

"We feel sure that under such conditions no case has even gone to the length of compelling an attorney, at the instance of a hostile litigant, to disclose, not only his retainer, but the nature of the transactions to which it related, when such information could be made the basis of a suit against his client."

But the order for the examination of the attorney, not having been appealed from, is not before us. We cite these cases to emphasize the fact that the examination of Mr. Joiner was not as an attorney in the case, but simply as a witness, and he was subject to the same control as any other witness, to the same punishment for contumacy as any other witness, and to no other. For willful refusal to answer material questions he might have been proceeded against as for a contempt of court, as in the case of any other witness. This is not such a proceeding. When the order was modified to confine his examination to the question of the residence of Brown and Stewart, he answered fully. What the order appealed from compels him to do is, as a witness, to pay the expenses of the reference to examine him as a witness. This is a novel procedure. The court has in proper proceedings jurisdiction over its officers qua officers. But the mere fact that a man is an attorney does not give jurisdiction to summarily proceed against him for all manner of matters. "This summary authority over attorneys, given by the common law and conferred by statute, is limited to their professional relations with clients, and does not extend to transactions of a business nature, such as might be performed by an agent who is not an attorney or counselor." Matter of Ney Co., 114 App. Div. 467, 99 N. Y. Supp. 982.

This order should be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs. All concur.