SCHWARZ v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department. December 31, 1908.)

WITNESSES (§ 198*)—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.

An attorney connected with a transaction originating in his office cannot plead privilege or a lack of knowledge of the matter in order to avoid his being examined as a witness concerning the transaction for the purpose of ascertaining the name and address of a party thereto, who is a necessary party to an action, so as to enable the plaintiff in said action to serve her with process.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 198.*]

Appeal from Trial Term, New York County.

Action by Paul Schwarz against Minnie J. Robinson and others. From an order vacating the plaintiff's order to examine one Eugene G. Kremer, an attorney, as a witness in order to ascertain the true

name and address of the defendant Minnie J. Robinson, plaintiff appeals. Reversed.

It appeared that the respondent had obtained a deed of an undivided third of certain property now sought to be partitioned from one Oppenheimer with the name of the grantee left blank. On the day after its execution it was recorded with the name of the defendant Robinson as grantee. Investigation revealed the fact that Oppenheimer claimed to have no real interest in the property, merely holding it for the respondent Kremer, to whom he had delivered the deed in blank, nor did he know anything about the grantee Robinson. The deed appeared to be recorded at the request of one E., who did not know either Oppenheimer or the grantee Robinson. E. was asked to present the deed for record by the managing clerk of the respondent Kremer, who stated that he did not desire to be known in the transaction. When the deed was returned from record, E. took it to the office of the respondent Kremer, but the managing clerk refused to receive it, saying he would send a boy for it. The deed was accordingly delivered by E. to the boy, who was a boy in respondent's office, apparently in his employ. The managing clerk did not know the grantee, Robinson, and had seen the deed for the first time after her name, without any residence or means of identification, had been written in it, nor did he know to whom the deed had finally been returned. The plaintiff in the partition action sought in vain to find the defendant Robinson in order to serve the summons and complaint on her. He then obtained an order to examine the respondent Kremer, who made a motion to vacate the order, denying knowledge of the defendant Robinson, and asserting his privilege as an attorney.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Edmund L. Mooney, for appellant.
John Davis, for respondents.

PER CURIAM. We think that the plaintiff was entitled to examine the witness in relation to his knowledge as to the defendant Robinson.

The order appealed from should be reversed, with $10 costs and disbursements, and the order for examination reinstated, the time for the examination of the witness to be fixed on the settlement of the order to be entered hereon.