(64 Misc. Rep. 285.)

RICHARDS v. RICHARDS.

(Supreme Court, Special Term, New York County. August, 1909.)

WITNESSES (§ 201*)—CONFIDENTIAL RELATIONS—ATTORNEY AND CLIENT—"PRIVILEGED COMMUNICATION."

That a client gives his attorney notice of his place of residence does not affect the attorney's professional employment, and is not a "privileged communication," within Code Civ. Proc. § 835, which the attorney cannot be compelled to disclose, for the purpose of service of an order on such client.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 754; Dec. Dig. § 201.*

For other definitions, see Words and Phrases, vol. 6, pp. 5591–5598; vol. 8, p. 7764.]

Action by Helen W. Richards against John Tredwell Richards for separation. Motion to compel defendant's attorney to disclose his client's place of residence for the purpose of serving notice of order upon him. Motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Griggs, Baldwin & Pierce, for plaintiff.
Wm. C. White, for defendant.

BISCHOFF, J. Section 835 of the Code of Civil Procedure does not protect against disclosure every communication which the client may choose to make to his attorney under a pledge of secrecy. It protects only such communications as the client may make, not pending the attorney's professional employment, but "in the course of it." To come within the protective provisions alluded to, therefore, the communication must be one essentially confidential and relate to the subject-matter upon which the attorney's advice was given or may be sought. Such communication to the attorney of the client's place of abode or residence is not, nor is the concealment of the subject-matter of such a communication, essential to the attorney's counsel or advice. Indeed, if the attorney is to communicate with his client by correspondence, the disclosure of the latter's whereabouts would follow, and its nonconfidential character be obvious.

Such a communication, also, is wholly collateral to the subject of the attorney's professional employment. The attorney's promise of concealment of his client's whereabouts could, therefore, have had in view nothing more than to keep the knowledge of such whereabouts from a particular person—the plaintiff—and that in order to support the defendant in his defiance of the order which directs him to pay alimony and counsel fees made in his wife's action for divorce. The court's countenance of the attorney's promise under such circumstances would mean nothing short of giving its aid to the defendant in his contemptuous attitude toward itself, and under the provisions of section 457 of the Penal Code the attorney's promise to conceal his client's whereabouts for the purposes alluded to comes dangerously near to being a crime; the promise being in effect "a combination with another to resist" the court's mandate. I can perceive no valid reason for changing or modifying my decision that the defendant's attorney should disclose the defendant's present whereabouts.

Ordered accordingly.