In re TRAINER.

(Supreme Court, Appellate Division, First Department.　July 7, 1911.)

1. WITNESSES (§ 201*)—PRIVILEGED COMMUNICATION—ATTORNEY AND CLIENT.

A client's communication of an address to an attorney, while consulting him in a professional capacity, for the purpose of enabling the attorney to communicate with him, is a "privileged communication," which the attorney cannot be compelled to disclose when the relation of attorney and client has ceased, and the information is sought in litigation to which the client is not a party.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 754, 755; Dec. Dig. § 201.*]

2. ATTORNEY AND CLIENT (§ 74½,* New, vol. 5, Key No. Series)—ADDRESS OF CLIENT—COMPELLING DISCLOSURE.

The court has the right during the pendency of an action, and while the relation of attorney and client actually exists, to direct an attorney to disclose the client's address.

Appeal from Special Term, New York County.

Application by Hugh F. Trainer to compel an accounting by Burton W. Gibson, an attorney, for money received from the applicant and misapplied. Order of reference made, and from an order directing Joseph L. Young, an attorney, to answer certain questions propounded to him as a witness before a referee, Young appeals. Reversed.

See, also, 122 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Joseph L. Young, in pro. per.
Albert A. Wray, for respondent Gibson.
Eugene D. Boyer, for other respondents.

DOWLING, J.　Hugh F. Trainer heretofore commenced a proceeding to compel Burton W. Gibson, an attorney, to account for and pay over to him the sum of $25,000, which he alleged said attorney obtained from him through fraud and misrepresentation and has misapplied. This money the petitioner says was procured through the use of his signature to papers which he, being illiterate, signed upon the representations of said attorney (then acting for him) that they were papers required to be signed by him for the defense of an action brought by one Finis E. Montgomery against him to recover certain savings bank deposits claimed by another person of the same name as Trainer, and in conjunction with which he turned over to Gibson his bank books and drafts thereon on which the latter collected $25,000. It now appears that among the papers he signed was a confession of judgment in the Montgomery action, whereby he consented to the entry of judgment therein in favor of the plaintiff and against himself in the sum of $20,017.35, in settlement of four promissory notes for $6,000, each made by Trainer in favor of one Rose Guerra, in settlement of a larger claim held by her against him. Trainer denies that he ever executed any such notes or that he ever knew any

such person. Upon his petition to compel Gibson to account for the $25,000, the latter admitted that he had received that sum, but claimed that he had applied $20,000 thereof to the settlement of said judgment and the balance ($5,000) he retained as his fee. A reference having been ordered, Gibson testified thereon to the alleged facts regarding his transactions with the attorney of record for Montgomery, who was the assignee of the Rose Guerra notes, and which attorney represented the real party in interest, Rose Guerra. Gibson claims that he settled the Montgomery judgment by delivering a check for $18,000, to Rose Guerra, and one for $2,000, to her attorney, Joseph L. Young, the attorney of record for Montgomery. Young, having been called as a witness before the referee, was asked to give the address communicated to him by his client as that to which he could mail letters for her, which he declined to do, claiming that it was a privileged communication. From an order directing him to answer such question, the present appeal is taken. ·

[1] The question involved is whether an address given by a client to an attorney while consulting him in a professional capacity on a business matter, for the purpose of enabling him to.communicate with her in respect thereto, is a privileged communication.

[2] As a rule, it has been so regarded, subject only to the exception that the court has the right during the pendency of the action to direct the plaintiff's attorney to disclose the client's address, while the relation of attorney and client actually exists. Walton v. Fairchild, 4 N. Y. Supp. 552. So in Corbett v. Gibson, 18 Hun, 49, the court directed the plaintiff's attorney, during the pendency of the action, to furnish a sworn statement of the plaintiff's residence on two grounds: First, because it was claimed that the plaintiff knew nothing of the suit brought in his name; and, second, because defendant was entitled to examine plaintiff before trial. In Ninety-Nine Plaintiffs v. Vanderbilt, 4 Duer, 632, plaintiff's attorney was required in a pending action to disclose the names, residences, and occupations of his clients, and the action was stayed until the order was complied with. In Corbett v. De Comeau, 45 N. Y. Super. Ct. 637, an application in a pending action to compel plaintiff's attorney to disclose the residence, occupation, and present address of his client was granted upon the authority of Corbett v. Gibson, and plaintiff's proceedings were stayed until the order was complied with. In Post v. Schneider, 59 Hun, 619, 13 N. Y. Supp. 396, similar action was taken in a pending action. In Richards v. Richards, 64 Misc. Rep. 285, 119 N. Y. Supp. 81, the application to compel defendant's attorney to disclose his client's place of residence was in order to secure service upon the.latter of an order requiring him to pay counsel fees and alimony pendente lite. On the other hand, in Matter of Shawmut Mining Co., 94 App. Div. 156, 87 N. Y. Supp. 1059, the court refused to compel an attorney who was a witness in an action, not prosecuted by him, to disclose who had employed him as an attorney. As was pointed out in Matter of Malcom, 129 App. Div. 226, 113 N. Y. Supp. 666, wherever the court has directed an attorney to disclose the address·of his client, it has been in the very action brought by his client during its pendency,

while the relation of attorney and client still existed, and because of facts relating to that action which rendered the disclosure necessary, in the interest of justice, to protect the rights of the adverse party to the action. Furthermore, when the relation of attorney and client has ceased, the seal of confidence imposed by the original relation continues, and the attorney cannot then be compelled to disclose his late client's address, even if it be to enable the defendant to pursue him aggressively by new proceedings founded in the judgment. Walton v. Fairchild, supra.

In the present proceeding the relation of attorney and client between Rose Guerra and her attorney, Young, has ceased; the judgment obtained on her behalf has been paid and satisfied; no proceedings are pending between her or her assignee and Trainer; the information is sought in litigation to which she is not a party. Regrettable as it may be that the result of a reversal of the order in question is to prevent the disclosure of the address of a person whose testimony, if procurable, might cast much light upon the honesty and good faith of the transaction now under investigation, it is more important that the integrity of the privilege existing between attorney and client be preserved.

The order appealed from must therefore be reversed, and the application to compel the witness Young be denied, without costs. All concur.