MARKEVICH v. ROYAL INS. CO., Limited.

(Supreme Court, Appellate Division, Second Department.   May 29, 1914.)

1. WITNESSES (§ 201*)—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
   The professional privilege of the attorney for plaintiff does not prevent the court from compelling the attorney to disclose to defendant's attorney the residence of plaintiff.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 754, 755; Dec. Dig. § 201.*]

2. ATTORNEY AND CLIENT (§ 74½, New, vol. 5 Key-No. Series)—ADDRESS OF CLIENT—RIGHT OF COURT TO COMPEL DISCLOSURE.
   The court has the right, pending an action on a fire policy in standard form, which calls for examination of insured and full disclosure, to direct the attorney for plaintiff to disclose plaintiff's address to defendant's attorneys.

Appeal from Special Term, Kings County.

Action by Peter Markevich against the Royal Insurance Company, Limited.   From an order requiring the attorneys of plaintiff to disclose plaintiff's address to defendant's attorneys, plaintiff appeals.   Affirmed.

See, also, 148 N. Y. Supp. ——.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Alvin C. Cass, of New York City, for appellant.

Ernest A. Cardozo, of New York City (Edward S. Greenbaum, of New York City, on the brief), for respondent.

PER CURIAM.   Although not statutory, the power to direct the disclosure of the client's residence or address has long been recognized. Ninety-Nine Plaintiffs v. Vanderbilt, 4 Duer, 632;   Post v. Scheider, 13 N. Y. Supp. 396;† Matter of Malcom, 129 App. Div. 226, 113 N. Y. Supp. 666.   Not only is the address necessary for personal service of court orders, but plaintiff's residence may require· him to give security for costs (Code Civ. Proc. § 3268), fixes the county of trial (Code Civ. Proc. §§ 984, 985), and, in certain actions against a foreign corporation, may be determinative of the court's jurisdiction (Code Civ. Proc. § 1780).

[1] The professional privilege of the attorney cannot avail against giving the address of his client.   Matter of Trainor, 146 App. Div. 117, 119, 130 N. Y. Supp. 682.   The plaintiff relies on Drake v. New York Iron Mine, 75 Hun, 539, 27 N. Y. Supp. 489 (1894).   An examination of the original record reveals that the ulterior purpose, which defendant did not deny, was to remove the cause into the federal court. Furthermore, plaintiff's attorney in that case did offer to furnish his client's address.   Again defendant had not, as here, a judicial order, which he had been unable to serve on the plaintiff.

[2] Good faith towards an insurer requires the insured, when asked, to give his residence.   The standard form of policy of this state pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Reported in full in the New York Supplement;   reported as a memorandum decision without opinion in 59 Hun, 619.

vides for full discovery. Thereby the assured is to submit to examination on oath, and to produce his books and papers. Hence, in a suit on the policy, such a request for the assured's address is quite in keeping with the contract obligations. No ulterior or sinister motive is thereby indicated. Defendant seeks what it is entitled to as a litigant, and what it contracted for in its policy.

The order appealed from is therefore affirmed, with $10 costs and disbursements.