(164 App. Div. 140)

HYMAN v. CORGIL REALTY CO. et al.   (No. 6207.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

ATTORNEY AND CLIENT (§ 74½, New, vol. 5 Key-No. Series)—ADDRESS OF CLIENT—COMPELLING DISCLOSURE.

An attorney, who represented a creditor in securing a judgment against a mortgagor, cannot, in proceedings to foreclose the mortgage, be compelled to reveal to the mortgagee the address of his former client, so that service may be had upon such client.

Appeal from Special Term, Bronx County.

Action by Regina Hyman against the Corgil Realty Company and others. From an order denying a motion to vacate an ex parte order directing defendant Gutgsell to disclose an address, defendant Gutgsell appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Lorlys Elton Rogers, of New York City, for appellant.

Strasbourger, Eschwege & Schallek, of New York City (Samuel Strasbourger, of New York City, of counsel), for respondent.

CLARKE, J.   Upon an affidavit of plaintiff's attorney setting forth that this is an action for the foreclosure of a mortgage of premises of which the defendant Corgil Realty Company was the mortgagor; that defendant Alfred Waldau is a judgment creditor of said Realty Company; that Adolph E. Gutgsell appeared in an action in which said judgment was obtained as attorney for said Waldau, whose address does not appear on the original summons; that deponent has caused diligent search to be made for the address of said Waldau, so as to serve him with the summons and complaint herein, and has also communicated with Gutgsell and asked for the address of his client and that he appear in said action, and informed him that this was an action to foreclose a mortgage and that no personal judgment was asked for against his client; that Gutgsell informed deponent that he had no authority

to appear for his client, nor could he give deponent his address—the Special Term made an ex parte order requiring the appellant to disclose Waldau's address, and subsequently denied a motion to vacate said order.

The power of a court to compel an attorney to disclose the address of his client is confined to the proceeding or case in which the attorney appears for his client. The relation of attorney and client ceased upon the rendition of the judgment in the Municipal Court. The cases agree that the attorney in an action gone to judgment cannot be compelled to disclose his former client's residence in order that he may be pursued in subsequent litigations. Matter of Malcom, 129 App. Div. 226, 113 N. Y. Supp. 666; Matter of Trainor, 146 App. Div. 117, 130 N. Y. Supp. 682.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.