(Surrogate's Court, New York County.   January 26, 1916.)

1. ATTORNEY AND CLIENT ⟡⟶74½, New, vol. 5 Key-No. Series—DUTIES OF ATTORNEY.

Where there was no proceeding in the Surrogate's Court with relation to an estate, and it did not appear that an attorney was the attorney for the administrator in any proceeding therein pending, such attorney cannot, on petition by a claimant against the estate, be required to reveal the administrator's address.

2. ATTORNEY AND CLIENT ⟡⟶74½, New, vol. 5 Key-No. Series—RELATIONSHIP —PROOF.

The fact that under the attorney's signature acknowledging service of the moving papers there appeared the words "Attorney for Administrator" in a hand different from that of the attorney will not establish that he was the attorney for the administrator.

In the matter of the estate of Carrie B. Schroeder, deceased. Petition to require Thomas P. McKenna, Esq., to disclose the address of the administrator. Application denied.

Marsh & Wever, of New York City, for creditor.

FOWLER, S.   [1] This is an application for an order directing an attorney at law to disclose the address of the administrator of decedent's estate. The petitioner alleges that he is a creditor of decedent's estate; that he has endeavored to serve the administrator with an order requiring him to file an inventory of the estate; that he has used due diligence in his efforts to make such service, but that he has been unsuccessful owing to the fact that the administrator's present address is unknown to him. The petitioner further alleges that he requested Thomas P. McKenna, Esq., whom he describes as attorney for the said

⟡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

administrator, to disclose the address of the administrator, but that he received no reply from Mr. McKenna. The petitioner does not allege that Thomas P. McKenna is the attorney for the administrator in any proceeding pending in this court, nor does he state facts which would justify his designation of Mr. McKenna as attorney for the administrator. As there is no proceeding pending in this court in relation to the estate of the decedent, and Mr. McKenna does not appear upon this application as attorney for the administrator, the court cannot compel him to disclose the address of the administrator. Walton v. Fairchild (City Ct. N. Y.) 4 N. Y. Supp. 552; Matter of Malcolm, 129 App. Div. 226, 113 N. Y. Supp. 666; Matter of Trainor, 146 App. Div. 118, 130 N. Y. Supp. 682.

[2] The fact that the moving papers were served on Mr. McKenna, and that immediately under his signature acknowledging such service there appear the words "Attorney for Edward E. Rice, Administrator," in the handwriting of some other person, does not constitute an acknowledgment by Mr. McKenna that he is attorney for the administrator and authorized to appear for him on this application. He may be advising the administrator in the ordinary course of administration of the estate, but he is not attorney for the administrator in any proceeding pending in this court.

The application is therefore denied.

---

(93 Misc. Rep. 402)

### In re SMART'S ESTATE.

(Surrogate's Court, New York County. January 27, 1916.)

1. EXECUTORS AND ADMINISTRATORS ☞337—SALE OF PROPERTY UNDER SURROGATE'S DIRECTION—SERVICE OF NOTICE.