MIRIAM A. NEUGASS, Plaintiff, v. TERMINAL CAB CORPORATION and Another, Defendants.

Supreme Court, New York County, February 2, 1931.

*Levy, Kraus & Leman* [*Jack Lewis Kraus, II,* of counsel], for the plaintiff.

*Sherman, Ribman & Goldring* [*Samuel M. Leiterman* of counsel], for the witnesses Edward C. Sohst and others.

CALLAHAN, J. The plaintiff was injured while a passenger in a taxicab. She claims to have observed the name of the defendant corporation on the cab in which she was riding. That cab collided with another. Plaintiff did not obtain sufficient information to identify the second cab. She has brought this action against the defendant corporation and " John Doe," the latter being a fictitious name to designate the owner of the second cab. Plaintiff then obtained an order for the examination before trial of the defendant corporation for the purpose of framing a complaint. The corporation was directed to appear by · the attorney who appears for it in this action. The order for the examination includes the requirement that said attorney reveal the name and address of the owner of the second cab involved in the accident. On the examination, the attorney claims that such information is privileged. He states that his employment comes about by reason of the fact that an insurance company engages him to defend suits against its policyholders; that prior to this suit being called to his attention a policyholder other than the corporate defendant came to him and reported that he was involved in an accident. From the circumstances, it is apparent that he was the owner of the second cab. Later the defendant corporation reported this suit to the attorney. Plaintiff claims the disclosure was not made to the attorney by his client but to him as an employee of the insurance company.

Both these reports were made to the attorney in his professional capacity. That his employment came about through the fact that the insurance company had hired him to defend its policyholders seems immaterial. The attorney in such cases is clearly the attorney for the policyholder when the policyholder goes to him to report an occurrence contemplating that it would be used in an action or claim against him. The plaintiff further claims that the name and address of a client is not privileged. There is authority for the proposition that an attorney who has appeared for a party in an action may be compelled to disclose the address of his client where it is necessary to aid the orderly administration of justice in such a cause. (*Corbett* v. *Gibson*, 18 Hun, 49; *Walton* v. *Fairchild*, 4 N. Y. Supp. 552; *The Ninety-nine Plaintiffs* v. *Vanderbilt*, 1 Abb. Pr. 193; 4 Duer, 632.) The theory of these decisions seems to be that the client will not be permitted to use the machinery of the law for his benefit without disclosing his identity and address. Such cases may be readily distinguished from the present because here the party is not seeking to use the courts, but someone is seeking to bring action against him. In *Walton* v. *Fairchild* (*supra*) McADAM, J., held that where the litigation had

ceased the attorney could not be compelled to disclose his client's address in order to aid execution of the judgment. Plaintiff also relies on *Schwarz* v. *Robinson* (129 App. Div. 404); *Matter of Malcom* (Id. 226) and *Richards* v. *Richards* (64 Misc. 285). These cases, however, do not support plaintiff's present claim. In *Schwarz* v. *Robinson* (*supra*) an examination of the record on appeal shows that there was no claim advanced that the relation of attorney and client existed or that the communication was privileged.

In *Matter of Malcom* (*supra*) the court did make the general statement that the court had the power to compel an attorney to give name and address of his client but that point was not involved in the case as the sole question was whether costs should be imposed on the attorney. The order for the examination was not appealed from. The cases cited in the *Malcom* case in support of the general statement noted were those where the client whose address was sought had brought the action and the court pointed out that it was only under such circumstances that the disclosure was required.

In *Richards* v. *Richards* (*supra*) the court compelled the attorney to disclose the address of the defendant. That was a matrimonial action and the defendant had appeared. His address became necessary for the purpose of serving notice of an order upon him which directed him to pay alimony. While the court decided that the address was not a matter essentially confidential, it appears evident that the address was necessary for the purpose of aiding the orderly administration of justice in an action then pending before the court in which the defendant had appeared.

The authorities on the question involved herein are reviewed at length in the case of *Matter of Trainor* (146 App. Div. 117), where the rule is stated as follows: " The question involved is whether an address given by a client to an attorney while consulting him in a professional capacity on a business matter, for the purpose of enabling him to communicate with her in respect thereto, is a privileged communication. As a rule, it has been so regarded, subject only to the exception that the court has the right during the pendency of the action to direct the plaintiff's attorney to disclose the client's address, while the relation of attorney and client actually exists." (See, also, *Hyman* v. *Corgil Realty Co.*, 164 App. Div. 140.)

The general rule with respect to such privilege is well stated in *Bacon* v. *Fisbie* (80 N. Y. 394), where the court said: " Communications made to an attorney in the course of any personal employment, relating to the subject thereof, and which may be supposed to be drawn out in consequence of the relation in which

the parties stand to each other, are under the seal of confidence, and entitled to protection as privileged communications: (*Williams* v. *Fitch*, 18 N. Y. 511.) All communications made by a client to his counsel, for the purpose of professional advice or assistance, are privileged, whether they relate to a suit pending or contemplated, or to any other matter proper for such advice or aid: (*Britton* v. *Lorenz*, 45 N. Y. 51.) And whenever the communication made, relates to a matter so connected with the employment as attorney or counsel as to afford presumption that it was the ground of the address by the client, then it is privileged from disclosure: (*Turquand* v. *Knight*, 2 M. & W. 98.) "

In the case of *Matter of Shawmut Mining Co.* (94 App. Div. 156) the attorney was asked to disclose on examinatian whether he represented certain persons in a certain transaction. This was for the purpose of disclosing that these persons as interested parties were connected with the purchase of certain property involved in the action. The court said: " If it can compel the witness to state, as directed by the order appealed from, that he represented certain persons in the purchase or sale of these mines, it has made progress in establishing by such evidence their version of the litigation. As already suggested, such testimony by the witness would compel him to disclose not only that he was attorney for certain people but that as the result of communications made to him in the course of such employment as such attorney he knew that they were interested in certain transactions. We feel sure that under such conditions no case has ever yet gone to the length of compelling an attorney, at the instance of a hostile litigant, to disclose not only his retainer, but the nature of the transactions to which it related, when such information could be made the basis of a suit against his client. Upon the other hand, we believe that a refusal to compel such disclosures is sustained by the principles laid down in *Carnes* v. *Platt* (36 N. Y. Super. Ct. 361, 362; affd., 59 N. Y. 405); *Williams* v. *Fitch* (18 id. 546, 551); *Chirac* v. *Reinicker* (11 Wheat. 280)."

It appears to me that the name and address of the owner of the second cab came to the attorney in this case as a confidential communication. His client is not seeking to use the courts and his address cannot be disclosed on that theory, nor is the present action pending against him as service of the summons on him has not been effected. The objections on which the court reserved decision are sustained. If the parties so desire an order will be entered to that effect or fixing a date to continue the examination as to matters not confidential.