CHESTER O. FALKENHAINER, Plaintiff, *v.* BERYL H. FALKEN-HAINER, Defendant.

Supreme Court, Special Term, Nassau County, May 4, 1950.

*Murray D. Welch* for plaintiff.

*Arnold C. Stream* for defendant.

HOOLEY, J. Motion for an order directing the attorneys for the defendant to divulge to the plaintiff the present whereabouts and address of the defendant and the child, Chester Otto Falkenhainer, Jr., and in default of such knowledge, the last address of the defendant and the child.

This was an action for divorce wherein a judgment was entered on March 29, 1950. One of the requirements of the judgment was that the custody of the aforesaid child be awarded to the plaintiff.

It appears that the defendant has departed for parts unknown. The attorneys for the defendant contend that to divulge the address would be a violation of a confidential communication.

However, it seems to be well settled that such is not the fact. In *Richards* v. *Richards* (64 Misc. 285–286, affd. 143 App. Div. 906) which was an action for separation, when the court granted an application requiring defendant's attorney to disclose defendant's address, which was opposed on the ground that such disclosure would be a violation of section 835 of the Code of Civil Procedure (now Civ. Prac. Act, § 353) the court said: " Section 835 of the Code of Civil Procedure does not protect against disclosure every communication which the client may choose to make to his attorney under a pledge of secrecy. It protects only such communications as the client may make not *pending* the attorney's professional employment, but ' *in the course of it* '. To come within the protective provisions alluded to, therefore, the communication must be one essentially confidential and relate to the subject-matter upon which the attorney's advice was given or may be sought. Such communication to the attorney of the client's place of abode or residence is not, nor is the concealment of the subject-matter of such a communication, essential to the attorney's counsel or advice. * * * The attorney's promise of concealment of his client's whereabouts could therefore have had in view nothing more than to keep the knowledge of such whereabouts from a particular person — the plaintiff — and that in order to support the defendant in his defiance of the order which directs him to pay alimony and counsel fees made in his wife's action for divorce."

In *Markevich* v. *Royal Ins. Co.* (162 App. Div. 640, 641) the court said: " Although not statutory, the power to direct the disclosure of the client's residence or address has long been recognized. (*Ninety-nine Plaintiffs* v. *Vanderbilt*, 4 Duer, 632;

*Post* v. *Scheider,* 13 N. Y. Supp. 396; *Matter of Malcom,* 129 App. Div. 226.)'' (See, also, *Monroe* v. *Monroe,* N. Y. L. J., Feb. 13, 1946, p. 591, col. 3, HECHT, J., and *Matter of Falick,* N. Y. L. J., Sept. 29, 1941, p. 813, col. 7, WINGATE, S.).

To deny the relief sought herein would aid and abet this defendant in frustrating the judgment of the court.

The motion is granted.