## LEVY v. COY, HUNT & CO.

(Supreme Court, Appellate Term.  June 25, 1909.)

ATTORNEY AND CLIENT (§ 74½*)—COMPELLING DISCLOSURE OF ADDRESS OF CLIENT.

After judgment for defendant has been entered on a verdict in his favor, and no appeal has been taken therefrom within the time required by law, an order cannot be made directing the plaintiff's attorneys to serve upon defendant's attorney a written notice giving the place last known to plaintiff's attorney as plaintiff's address, as the action is ended and power to compel such a disclosure no longer exists.

[Ed. Note.—For other cases, see Attorney and Client, Am. Dig. 1909A, § 74½.*]

Appeal from City Court of New York, Special Term.

Action by Benjamin N. Levy against Coy, Hunt & Co.  From an order directing his attorneys to serve a written notice on defendants' attorney, giving plaintiff's address, plaintiff appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Samuel Wasserman, for appellant.

Louis H. Porter, for respondents.

MacLEAN, J.  The appeal of the plaintiff from the order herein, directing that "the attorneys for the plaintiff serve upon the defendants' attorney a written notice, giving the place last known to the plaintiff's attorneys as the plaintiff's address," must be sustained, as it appears from the record that judgment has been entered upon a verdict in favor of the defendants, and that no appeal has been taken therefrom within the time required by law.  The action was ended, and the power to compel disclosure no longer existed, whatever the form of the papers in the motion or upon this appeal.  Walton v. Fairchild (City Ct. N. Y.) 4 N. Y. Supp. 552.  The order must therefore be reversed.

Order reversed, with $10 costs and disbursements.  All concur.