(December 17, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS R. BELGE, Respondent.—Order affirmed. All concur, except Del Vecchio, J. not participating. Memorandum: We affirm the order of the trial court which properly dismissed the indictments laid against defendant for alleged violations of section 4200 (duty of a decent burial) and section 4143 (requirement to report death occurring without medical attendance) of the Public Health Law. We believe that the attorney-client privilege attached insofar as the communications were to advance a client's interests, and that the privilege effectively shielded the defendant attorney from his actions which would otherwise have violated the Public Health Law. In view of the fact that the claim of absolute privilege was proffered, we note that the privilege is not all-encompassing and that in a given case there may be conflicting considerations. We believe that an attorney must protect his client's interests, but also must observe basic human standards of decency, having due regard to the need that the legal system accord justice to the interests of society and its individual members. We write to emphasize our serious concern regarding the consequences which emanate from a claim of an absolute attorney-client privilege. Because the only question presented, briefed and argued on this appeal was a legal one with respect to the sufficiency of the indictments, we limit our determination to that issue and do not reach the ethical questions underlying this case. (Appeal from order of Onondaga County Court dismissing indictment charging defendant with violating and interfering with rights of burial and failure to give notice of death without medical attendance.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ. [83 Misc 2d 186.]