R. ROTH JUDD, Executive Director Ethics Board
You ask whether there is a conflict between the requirements of financial disclosure contained in the Code of Ethics for Public Officials and the confidentiality requirements contained in the Code of Professional Responsibility for lawyers. You also ask whether possible conflicts may be resolved by the waiver provisions found in sec. 19.48 (8), Stats.
Your specific concern is whether state officials, nominees for appointment to state offices, and candidates for election to state office, who are lawyers, might violate any obligation or contravene any privilege created by law to preserve in confidence the identity of a lawyer's clients by complying with sec. 19.43, Stats. (which requires certain state officials, including nominees and candidates for state public office to file a statement of economic interest with the Ethics Board), and sec.19.44, Stats. (which prescribes the form of the statement of economic interests). Section 19.55, Stats., requires that all records of the Board be open to public inspection subject to certain stated exceptions.
Among the information required by sec. 19.44, Stats., is the following:
 (e) The identity of each payer from which the person who is required to file or a member of his or her immediate family received $1,000 or more of his or her income for the preceding taxable year, except that if the person who is required to file identifies the general nature of the business in which the person or his or her immediate family is engaged, then no identification *Page 412 
need be made of any individual person, not acting as a representative of an organization, unless the individual is a lobbyist as defined in s. 13.62. In addition, no identification need be made of payers from which dividends or interest, compensation or reimbursement of expenses reported under s. 19.56, and political contributions reported under ch. 11 were received.
 (f) If the person who is required to file or a member of his or her immediate family received $1,000 or more of his or her income for the preceding taxable year from a partnership, corporation electing to be taxed as a partnership under subchapter S of the federal internal revenue code or service corporation under s. 180.99 in which such person or a member of his or her immediate family, severally or in the aggregate, has a 10% or greater interest, the identity of each payer from which the organization received $1,000 or more of its income for its preceding taxable year, except that if the person who is required to file identifies the general nature of the business in which the person or his or her immediate family is engaged then no identification need be made of any individual, not acting as a representative of an organization, unless the individual is a lobbyist as defined in s. 13.62.
Thus, an attorney who is required to file has to identify only those individual payers who are acting as representatives of organizations or who are lobbyists. The attorney must, however, state that he or she is engaged in the practice of law.
Income is defined in Wis. Adm. Code section Eth 1.02 (2)(a), to include:
 1. Compensation for services (including salary, wages, fees and commissions);
2. Gross income derived from business;
3. Rents and royalties; and
4. Annuities and pensions.
Thus, under the provisions of sec. 19.44, Stats., and the broadness of the definition of "income" it is still possible that an attorney might be required to disclose the identity of some of his or her clients. The *Page 413 
question is whether such disclosure conflicts with the Code of Professional Responsibility for lawyers. The applicable provisions of the code are set forth in Disciplinary Rule 4-101,43 Wis.2d xxxviii (1969), and reads:
DISCIPLINARY RULES
DR 4-101 Preservation of Confidences and Secrets of a Client.
 (A) "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.
 (B) Except when permitted under DR 4-101 (C), a lawyer shall not knowingly:
(1) Reveal a confidence or secret of his client.
 (2) Use a confidence or secret of his client to the disadvantage of the client.
 (3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.
(C) A lawyer may reveal:
 (1) Confidences or secrets with the consent of the client or clients affected, but only after a full disclosure to them.
 (2) Confidences or secrets when permitted under Disciplinary Rules or required by law or court order.
 (3) The intention of his client to commit a crime and the information necessary to prevent the crime.
 (4) Confidences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against an accusation of wrongful conduct.
 (D) A lawyer shall exercise reasonable care to prevent his employees, associates, and others whose services are utilized by him from disclosing or using confidences or *Page 414 
secrets of a client, except that a lawyer may reveal the information allowed by DR 4-101 (C) through an employee.
There is no question that an attorney occupies a fiduciary relationship toward his client. It is one of implicit confidence and trust. In re Law Examination of 1926, 191 Wis. 359, 362,210 N.W. 710 (1926).
Several courts, however, have ruled that identification of a client is not a violation of a "confidence" as defined in the disciplinary rules. In Falcon v. Alaska Public Offices Com'n,570 P.2d 469 (Alaska 1977), a physician, who was also a public official, was required to comply with Alaska's financial interests disclosure law and identify those patients from whom he received more than $100.
The physician's practice consisted, in part, of psychiatric counseling and the treatment of venereal disease. He argued that a physician was exempted from compliance on the grounds: (1) that disclosure of a patient's identity violates the legal privilege between physician and patient or is barred by the ethical consideration of the physician-patient relationship, and (2) that the disclosure of names of individual patients unconstitutionally invades the patient's right to privacy. The court concluded at page 474 that there is no privilege which precludes compliance with the conflict of interest law. The court noted, however, that in situations involving psychiatry or venereal disease, the right of privacy with respect thereto outweighs the governmental interest in promoting fair and honest government. The court further noted that these situations present the exception rather than the general rule that ordinarily identification of a patient of a general practitioner does not infringe a significant private interest. 570 P.2d at 480.
Similarly, in Chamberlin v. Missouri Elections Com'n,540 S.W.2d 876, 881 (Mo. 1976), two attorneys challenged the Missouri Campaign Finance and Disclosure Law on the ground, among others, that compliance by them with the law would violate the attorney-client privilege of confidentiality. The Missouri Supreme Court held: (1) whether or not the identity of a client is privileged must be assessed on a case to case basis; (2) that to uphold such a disclosure there must be a "substantial relationship" between the governmental interest and the information to be disclosed; and (3) the governmental interest must sufficiently outweigh the possibility of infringement *Page 415 
upon claimed rights. The court held that there was no showing that a serious barrier existed precluding compliance with the statutory requirement that the attorneys disclose the names and addresses of their clients who paid more than $500 for their services, thus affirming the decision of the lower court.
McCormick on Evidence, The Client's Privilege, at pp. 185-87 points out:
 The weight of authority denies the [attorney-client] privilege for the fact of consultation or employment, including the component facts of the identity of the client, such identifying facts about him as his address and occupation, the identity of the lawyer, and the scope or object of the employment.
. . . .
 Cases may arise, however, when protection of the client's identity is conceivably in the public interest.
(Footnotes omitted.)
There may be unusual situations where the disclosure of the identity of the client tends to prove a fact such as guilt or liability, and in those unusual situations identity and address are protected as confidences. Baird v. Koerner, 279 F.2d 623 (9th Cir. 1960); In re Kaplan, 8 N.Y.2d 214, 168 N.E.2d 660 (1960). Conflicts of this sort seem to be adequately dealt with by the waiver provisions of sec. 19.43 (8), Stats., which authorizes the Board to waive any filing requirement if it determines that a requirement works an unreasonable hardship or is in the public interest Waiver may be on the Board's own motion or at the request of the person who is required to file a statement of economic interest. In cases where the Board refuses to waive a filing requirement, presumably an attorney may resort to any legal remedies available to reverse such a determination.
In summary, lawyers are not excused from the reporting requirements simply because they are lawyers. In those unusual cases where disclosure of a client's identity might prove an embarrassment to the client or would otherwise not be in the public interest, the Board may waive any filing requirement. As the Wisconsin Supreme Court pointed out In re Hon. Charles E.Kading, 70 Wis.2d 508, 526, 235 N.W.2d 409, 238 N.W.2d 63,239 N.W.2d 297 (1975): *Page 416 
 While public officials, of course, do not waive their constitutional rights, they are nevertheless set apart from other members of society in terms of certain rights, as the law on libel makes clear. One who willingly puts himself forward in the public arena, and accepts publicly conferred benefits after election to public office, is legitimately much more subject to reasonable scrutiny and exposure than a purely private individual.
(Footnotes omitted.)
In my opinion, conflicts between the reporting requirements of sec. 19.44, Stats., and the Code of Professional Responsibilities for lawyers would arise only in unusual circumstances. In those cases, application for a waiver under sec. 19.43 (8), Stats., would be appropriate.
BCL:GBS:scj