OPINION OF THE COURT
Irving A. Green, J.
This is a motion to compel disclosure in aid of enforcing collection of a money judgment recovered by the plaintiff against the defendant. Specifically, the motion seeks an order to compel the judgment debtor to furnish the names and addresses of persons constituting the judgment debt- or’s accounts receivable. Such disclosure is resisted by the judgment debtor on the ground that he is a certified social worker and cannot be required to disclose a communication made by his clients to him in the course of his professional employment. (CPLR 4508.) The judgment debtor contends that this statutory proscription embraces the patients’ names.
At the outset it is to be noted that a judgment creditor generally is accorded the right of disclosure as to the identity of persons owing a debt to the judgment debtor to enable the judgment creditor to effect a levy upon such interests of the judgment debtor. (CPLR 5223.) The judgment creditor may compel disclosure of all matters relevant to the satisfaction of the judgment. (CPLR 5223; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C5223:2, p 214.) Accordingly, assuming, arguendo, that the identity of the judgment debtor’s professional clients enjoy the shield of confidentiality, the *138 judgment creditor, nevertheless, is entitled to the identity of all others owing a debt to the judgment debtor.
The general rule is stated to be that the identity of a client is not privileged information (McLaughlin, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR 4503; Matter of Kaplan [Blumenfeld], 8 NY2d 214, 217) since it is not the client’s name but the client’s communication which is held to be sacred. Ordinarily there is no need to conceal the name to preserve the confidence. Exceptions are made where, for example, giving out the client’s name would serve no necessary purpose but on the contrary make public the very fact as to which the client desired and was entitled to secrecy. (Matter of Kaplan [Blumenfeld], supra, p 218.)
The disclosure to a judgment creditor of the names of persons owing debts to the judgment debtor clearly serves a necessary purpose in the enforcement procedures for the collection of the judgment. There is no sufficient showing, in opposition to this motion, that the names of defendant’s debtors would serve to make public the very fact as to which such persons desired or were entitled to secrecy. The statute (CPLR 4508) does not expressly shield the identity of the client, but covers only a communication of the client made in the course of the social worker’s professional employment. The exclusion from confidentiality of the name of the client, in the absence of special circumstances, reasonably cannot be inferred from the language of the statute which defines the perimeters of the confidentiality afforded the client, namely, “a communication made by his client to him, or his advice given thereon”. Clearly, the name or identity of the client, except in special circumstances not here demonstrated, is not a communication upon which the social worker ordinarily gives advice.
Accordingly, the motion is granted.