OPINION OF THE COURT
Walter B. Tolub, J.
Plaintiff, a judgment creditor, moves for an order pursuant to CPLR 5224 requiring defendant’s attorney, Helen Chowes, Esq. to answer questions presented to her in an information subpoena in connection with plaintiff’s attempts to collect upon a judgment entered against defendant Joseph Barulich. In the alternative plaintiff has moved for an order pursuant to *503 CPLR 5223 requiring Ms. Chowes to appear for a deposition. Helen Chowes has cross-moved seeking a protective order, on the grounds that the information sought by the plaintiff is protected by the attorney-client privilege.
Because the court finds the attorney-client privilege is applicable, Ms. Chowes’ motion for a protective order will be granted, but only to the extent of protecting that information which the court finds was confidential and served as a basis for Ms. Chowes’ legal representation of Mr. Barulich.
The underlying action in the case at bar involved a breach of contract. Defendant defaulted in the action and a judgment was entered on February 8, 1989. Ms. Chowes was retained by Mr. Barulich for the sole purpose of vacating the judgment, which motion was subsequently denied. On February 5, 1990 plaintiff’s counsel served Ms. Chowes with an information subpoena. The instant motion involves Ms. Chowes’ ability to answer the questions posed in light of CPLR 4503 and in deference of the Canons of Professional Responsibility.
It is a well-settled principle that the law favors full disclosure of information between an attorney and client. (See generally, 8 Wigmore, Evidence § 2290, at 542 [McNaughton rev 1961].) To facilitate the full disclosure of information between attorney and client, the concept of the attorney-client privilege developed. (Id.) The privilege is intended to foster openness between counsel and client so that legal problems can be thoroughly and accurately analyzed. (Matter of Vanderbilt [Rosner — Hickey], 57 NY2d 66.) Further, the privilege developed so that those individuals "in need of professional advice should not approach an attorney and disclose their problems in a manner tailored by a 'fear that such facts will be made public to their disgrace or detriment * * *’ ”. (Matter of Jacqueline F., 47 NY2d 215, 218, citing Hurlburt v Hurlburt, 128 NY 420; see also, Matter of Priest v Hennessy, 51 NY2d 62.) CPLR 4503 codified the attorney-client privilege and states in part, "unless the client waives the privilege, an attorney or his employee, or any person who obtains without the knowledge of the client evidence of a confidential communication made between the attorney or his employee and the client in the course of professional employment, shall not disclose, or be allowed to disclose such communication * * * in any action, disciplinary trial or hearing, or administrative action, proceeding or hearing conducted by or on behalf of any state, municipal or local governmental agency or by the *504 legislature or any committee or body thereof.” (CPLR 4503 [a].)
The determination of whether a communication by a client to an attorney should be afforded the privilege depends upon the circumstances of the case (see, Matter of Jacqueline F., supra).
Focusing on the instant motion, the court must decide whether answers to an information subpoena served upon defendant’s attorney after entry of judgment by plaintiff, are protected by the attorney-client privilege. The courts have held the attorney-client privilege remains applicable when an information subpoena is served after entry of judgment, so long as it was not waived by the client. (Art Bd. v Worldwide Business Exch. Corp., 134 Misc 2d 350; Randy Intl. v Automatic Compactor Corp., 97 Misc 2d 977.) To determine which questions in the information subpoena warrant protection, it is necessary that the subpoena be analyzed question by question. (Art Bd. v Worldwide Business Exch. Corp., supra.) The key element in determining when to invoke the privilege is deciding to what extent the client’s communication was made for the purpose of seeking professional advice (see, Matter of Jacqueline F, supra; Matter of Priest v Hennessy, supra).
Legal advice within the context of the privilege means an opinion of law, legal services or assistance in a legal proceeding. (Matter of Grand Jury Subpoena [Bekins Stor. Co.], 118 Misc 2d 173, affd 94 AD2d 643, revd on other grounds 62 NY2d 324; see also, Matter of Priest v Hennessy, supra; Art Bd. v Worldwide Business Exch. Corp., supra.) Only that information conveyed by a client to the attorney which is in furtherance of sought-after legal services or advice is privileged. (Matter of Priest v Hennessy, supra.)
Turning to the subpoena itself, the subpoena consists of 30 questions. Ms. Chowes has answered the first 6 questions, all of which relate to her name, occupation and her relationship to the defendant. She has also answered question 9, which asks whether she represented the plaintiff in the underlying lawsuit.
Questions 7 and 8 ask whether the defendant is married and if he is married, his wife’s name. Inasmuch as neither of the answers would disclose a privileged communication, the court finds that Ms. Chowes may answer them. This is not the type of information provided by the client which is intended to be kept confidential, as it was not made for the purpose of obtaining legal advice.
*505 Questions 10, 17 and 18 all deal with the defendant’s address and whether he owns or rents a home. This is seemingly an important issue for plaintiff. The Court of Appeals, in Matter of Jacqueline F. (supra) ordered an attorney to divulge the address of his client, whom he represented in a child custody proceeding, when the client disappeared with the child, in contravention of a court order. The court specifically found that the best interest of the child overrode any consideration of the attorney-client privilege, and ordered the attorney to divulge his client’s address.
Matter of Jacqueline F. (47 NY2d 215, supra) was distinguished by a case very similar to the one at bar. In Potamkin Cadillac Corp. v Karmgard (100 Misc 2d 627), the plaintiff sought to locate the defendant, against whom it obtained a default judgment. An information subpoena was served upon a law firm that was retained by defendant in an unrelated Supreme Court action. The subpoena sought to ascertain the whereabouts of defendant. The court, in denying the motion to compel disclosure, held that given the fact that the law firm did not appear or participate in the underlying action combined with plaintiff’s failure to show some overriding policy consideration favoring disclosure, the attorney could not be compelled to answer the questions. While discovery of a litigant’s address is subject to disclosure under CPLR 3118, once the proceeding is terminated and the time for appeal has expired the privilege reattaches. (Potamkin Cadillac Corp. v Karmgard, supra; see also, Matter of Trainor, 146 App Div 117.) There is no showing in the case at bar of any overriding consideration which would negate the attorney-client privilege. Accordingly, as to those questions relating to defendant’s address or home ownership, Ms. Chowes’ motion is granted.
Question 11 asks where the defendant worked in 1988 and where he works at present. There is nothing germane in this information which would serve the purpose of securing legal advice or services. As such it is not privileged. Accordingly, Ms. Chowes is directed to answer.
Questions 12 and 29 relate to the defendant’s wife. As Mrs. Barulich is not a party to this action and Ms. Chowes never undertook to represent her, the court will not compel her to answer them.
Items 15, 16 and 19 through 26 all ask questions regarding defendant’s ownership or control of a variety of assets. The court finds that these questions all relate to information *506 which was conveyed by the client for the purpose of obtaining legal advice. As such they fall within the ambit of the attorney-client privilege. Accordingly, Ms. Chowes need not answer.
Questions 27, 28 and 30 all relate to legal fees paid by the defendant or another party to Ms. Chowes. As to these questions the court holds the answers not to be .privileged to the extent of allowing Ms. Chowes to state the amount of attorney’s fees and who paid them. She does not have to produce the canceled check, if one exists, nor does she have to state the bank that issued the check or the client’s account number. (See, Art Bd. v Worldwide Business Exch. Corp., 134 Misc 2d 350, 352, supra.)
In Matter of Priest v Hennessy (51 NY2d 62, 69, supra), the court in response to an attorney’s refusal to answer a Grand Jury subpoena requesting the attorney to divulge the amount of fees paid by his client held, "[a] communication concerning the fee to be paid has no direct relevance to the legal advice to be given. It is a collateral matter which, unlike communications which relate to the subject matter of the attorney’s professional employment, is not privileged.”
Accordingly, Ms. Chowes’ motion for a protective order is granted to the extent of those questions which the court has found are protected by the attorney-client privilege, to wit, questions 10, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 29. She is directed to answer the remaining questions.