OPINION OF THE COURT
William H. Keniry, J.
The issue presented in this CPLR article 78 proceeding is whether the respondent, an attorney who has been served with two subpoenas ad testificandum in a proceeding under the Election Law, can properly assert the attorney-client privilege as a basis to refuse to answer questions which pertain to her position as director of research of the New York State Republican Committee.
Petitioner, the New York State Board of Elections (Board), has initiated an investigation of the New York State Republican Committee (Committee) concerning an allegation that the *598 Committee filed inaccurate financial disclosure statements with the Board.
The respondent, Amy J. Fricano, is an attorney who was employed by the Committee as director of research from November 3, 1989 to March 23, 1990. The Board served two subpoenas upon respondent. The first subpoena dated May 10, 1990 required that respondent appear "as a witness in an investigation being conducted by the New York State Board of Elections to determine whether there have been committed any violations of the Election Law or to [sic] the law of the State of New York governing campaigns, elections and related to the election franchise, in regard to the political committee New York Republican State Committee”. The second subpoena dated May 16, 1990 required that respondent "testify as a witness in an investigation being conducted by the New York State Board of Elections to determine whether § 14-102 and § 14-126 of the Election Law were violated by the wilful failure to report all the liabilities of the New York Republican State Committee on its January, 1990 campaign finance reports”.
Respondent appeared before the Board on May 24, 1990 and refused to answer questions asked of her which pertained to contact or conversations that she had with any other employee of the Committee upon the ground of the attorney-client privilege. The Committee in an affidavit of its chairman, J. Patrick Barrett, dated May 24, 1990 stated, in part, as follows:
"Amy Fricano was an employee of the New York Republican State Committee from November 3, 1989 to March 23, 1990. Ms. Fricano’s position was Director of Research. She was not hired as Counsel to the Committee and did not act in that capacity.
"I understand that in response to questions posed to Ms. Fricano by the State Board of Elections in the course of their investigation of the New York Republican State Committee, she has refused to answer, claiming that she is precluded from doing so by the attorney-client privilege. I have not asserted any attorney-client privilege in relation to Ms. Fricano, but to the extent that any such privilege exists as a consequence of Ms. Fricano’s employment with the State Committee, I hereby waive that privilege on behalf of the Committee and its employees, pursuant to CPLR § 4503 (a).”
Respondent appeared on the return day in person and with *599 counsel. She did not file a written answer. Respondent first contends that she properly asserted the attorney-client privilege under the circumstances and second, that the written waiver of J. Patrick Barrett as chairman of the Committee does not constitute an effective waiver of the privilege on behalf of specific individuals employed by the Committee.
The attorney-client privilege, although developed at common law, is now in New York statutorily embodied. CPLR 4503 (a) provides as follows: "(a) Confidential communication privileged; non-judicial proceedings. Unless the client waives the privilege, an attorney or his employee, or any person who obtains without the knowledge of the client evidence of a confidential communication made between the attorney or his employee and the client in the course of professional employment, shall not disclose, or be allowed to disclose such communication, in any action, disciplinary trial or hearing, or administrative action, proceeding or hearing conducted by or on behalf of any state, municipal or local governmental agency or by the legislature or any committee or body thereof. Evidence of any such communication obtained by any such person, and evidence resulting therefrom, shall not be disclosed by any state, municipal or local governmental agency or by the legislature or any committee or body thereof. The relationship of an attorney and client shall exist between a professional service corporation organized under article fifteen of the business corporation law to practice as an attorney and counselor-at-law and the clients to whom it renders legal services.”
The burden of establishing that an attorney-client privilege applies to prevent an attorney’s disclosure of information rests upon the party asserting it (People v Mitchell, 58 NY2d 368, 373). The Court of Appeals has held that "no attorney-client privilege arises unless an attorney-client relationship has been established. Such a relationship arises only when one contacts an attorney in his capacity as such for the purpose of obtaining legal advice or services” (Matter of Priest v Hennessy, 51 NY2d 62, 68-69). The attorney-client privilege can only be asserted if the proponent demonstrates that the information sought to be disclosed was a "confidential communication” made to the attorney for the purpose of obtaining legal advice or services (Matter of Jacqueline F., 47 NY2d 215).
In view of the uncontroverted statement by the Committee’s chairman that respondent was not hired as legal counsel and did not act as legal counsel to the Committee, the burden in this case is upon respondent to demonstrate that a confiden *600 tial, attorney-client relationship existed between herself and the Committee and/or herself and specific Committee employees. Respondent has not satisfied her burden. It is the court’s conclusion that respondent in her position as director of research was not acting in a confidential attorney-client relationship with the Committee or any employees thereof and thus she may not assert the attorney-client privilege as a bar to her answering the questions posed by the petitioner.
The court need not reach the issue of whether the written waiver of the privilege executed by the Committee’s chairman constitutes a valid waiver on behalf of all Committee employees.
The petitioner’s application is granted, without costs, and the respondent is directed to comply with the subpoenas ad testificandum.