OPINION OF THE COURT
Bernard F. McCaffrey, J.
The underlying issue to be determined in this contempt *842 matter is whether an attorney may be compelled to divulge the current address of his clients, who have apparently moved from the mortgaged premises, and left New York State during the pendency of a foreclosure proceeding in which they admittedly were not personally served with process.
The petitioner bank’s attorneys have instituted this contempt proceeding against the mortgagor’s attorney to compel him to release his clients’ current address. However, the respondent/attorney claims an attorney/client privilege prevents such disclosure.
It appears that on May 15, 1987, Dennis Quinn and Mary Quinn borrowed the sum of $189,000 and promised to repay said sum together with interest thereon pursuant to the terms contained in a mortgage note. As collateral security for this debt, they also executed and delivered a mortgage on the premises known as 184 Carpenter Avenue, Sea Cliff, New York. The petitioner, Household Bank, FSB, is the holder of the mortgage.
The monthly payment, inclusive of principal, interest and escrow, constituted $2,220.29. It is undisputed that the Quinns defaulted under the terms of the mortgage by failing to pay the monthly mortgage payment that became due on March 1, 1989. There is $187,639.78, plus interest and costs, that is owed to the Household Bank.
After the mortgage became delinquent, the matter was sent to the law office of the attorney for the bank to commence a foreclosure action. Although the other defendants to this action were served, it is not disputed that personal service was never made upon the Quinns.
The Quinns served an answer in the foreclosure action which contained as its sole affirmative defense that the court lacked jurisdiction over the defendants. The Quinns’ attorneys have advised the petitioner’s attorney that the Quinns resided in New York State until January 1990.
Both sides contend that the other’s actions, or lack thereof, are causing the debt to increase.
It is contended that the petitioner/plaintiff bank seeks the address of defendants Quinn solely for the purpose of seeking to obtain a deficiency judgment against the Quinns in the foreclosure action.
The respondent contends that the petitioner/plaintiff failed to serve the defendants Quinn for over one year in the foreclosure action.
*843 Further, the respondent contends that, though the defendants admittedly leased the mortgaged premises at 184 Carpenter Avenue, Sea Cliff, New York, the petitioner/plaintiff bank knew of their actual residence, as a copy of the summons and complaint in the foreclosure action was left outside of the former residence of the defendants Quinn at 54 Valley Road, Piándome, New York, which was listed in the Nassau County telephone directory. Furthermore, a copy of the process was mailed to the defendants Quinn at this address in an envelope marked December 20,1989.
The court finds that on or about September 1, 1989, petitioner commenced a mortgage foreclosure proceeding (Nassau County index No. 19886/89) against respondent’s clients, Dennis and Mary Quinn. Service was, however, admittedly ineffective and on or about January 10, 1990, respondent interposed a verified answer on their behalf, including, inter alia, the affirmative defense of lack of personal jurisdiction.
It is undisputed that, although aware of the Quinns’ current address, respondent has refused to release this location to petitioner, asserting the attorney/client privilege. Rather than merely serving a demand for this information (CPLR 3118), petitioner issued a subpoena and deposition notice upon respondent. As the result of his failure to appear and reveal this address, petitioner now seeks a declaration of contempt. Respondent has filed a cross petition to dismiss and for related relief.
Petitioner’s application for contempt is denied. At the outset, it appears that the Quinns were readily available for service between September 1, 1989, when the summons and complaint were prepared, and January 26, 1990, when they reportedly departed from the State. Moreover, unlike the limited exception created in Matter of Jacqueline F. (47 NY2d 215 [1979]), where the best interest of the child coupled with a deliberate attempt to avoid a court mandate properly took precedence, on the present set of facts the privilege should not yield. The relief sought, judgment of foreclosure, does not concern the welfare of a child and is far more akin to those cases involving the satisfaction of judgments in which the privilege was sustained. (Potamkin Cadillac Corp. v Karmgard, 100 Misc 2d 627; Boller v Barulich, 147 Misc 2d 502 [Civ Ct, NY County 1990].)
Lastly, there is no evidence that respondent’s actions were motivated by a desire to impair, impede or prejudice *844 petitioner’s rights (Oppenheimer v Oscar Shoes, 111 AD2d 28), rather than an attempt to abide by a professional obligation.
Accordingly, petitioner’s application for contempt is denied, the June 29, 1990 subpoena quashed and deposition notice vacated. Respondent’s cross motion to stay entry of a potential deficiency judgment is denied with leave to renew in the foreclosure action (index No. 19836/89). The remaining requests for sanctions and counsel fees are denied.