■ JAMES L. MELCHER, Appellant, v APOLLO MEDICAL FUND MANAGEMENT L.L.C., et al., Respondents. [829 NYS2d 483]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 1, 2005, which, to the extent appealed from, directed the production of certain cover letters and invoices issued to plaintiff by his former counsel, Patterson Belknap, subsequent to his retention of his present counsel, unanimously reversed, on the law and the facts, without costs, and the direction vacated. Order, same court and Justice, entered January 25, 2006, which to the extent appealable and appealed from, denied plaintiff's cross motion seeking to compel responses to deposition questions and document requests from defendant Fradd and his counsel, Mr. Governale, unanimously reversed, on the law and the facts, without costs, insofar as to vacate the finding that defendant Fradd had not waived attorney-client privilege by virtue of his affidavit and deposition testimony, to substitute therefor the finding that the affidavit and deposition testimony did effect a waiver of Fradd's conversations with Governale respecting the formation of Apollo Offshore Ltd., and to grant the cross motion to the extent permitted by that waiver. Appeal from order, same court and Justice, entered on or about September 11, 2006, unanimously dismissed, without costs.

The Patterson Belknap invoices, issued after plaintiff retained his present attorney, Mr. Jannuzzo, were ordered disclosed to enable defendants to ascertain whether plaintiff's trial counsel was a "branch" of Patterson Belknap. The court abused its discretion by ordering such disclosure for that purpose.

The record establishes that defendant Fradd waived the attorney-client privilege with respect to his conversations with Mr. Governale, relating to the formation of Apollo Medical Offshore Ltd. Not only did Fradd testify that he relied only upon the advice of Mr. Governale in setting up Apollo Offshore as he did, but he selectively disclosed the portions of those communications most beneficial to his position in an affidavit and in his deposition testimony (*see Orco Bank v Proteinas Del Pacifico*, 179 AD2d 390 [1992]). Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.