■ In the Matter of KIMBERLY KAMINESTER, Respondent, v INALEE FOLDES, Appellant. [841 NYS2d 587]—

Order, Supreme Court, New York County (William P. McCooe, J.), entered on or about February 26, 2007, which, to the extent appealed from as limited by the brief, directed that respondent Foldes's prior counsel, Martha Brosius, Esq., appear and testify with respect to certain conversations with respondent in an ongoing hearing on an application by petitioner to hold respondent in contempt, unanimously reversed, on the law, without costs, and said directive vacated.

Petitioner sought to hold respondent, the companion of the allegedly incapacitated decedent, in contempt of that portion of a temporary restraining order, dated December 15, 2005, that had directed respondent not to accept any funds or financial benefit from the decedent pending determination of a guardianship proceeding under article 81 of the Mental Hygiene Law. Thereafter, the decedent changed his life insurance policy to name respondent as his beneficiary, deeded his vacation home to himself and respondent as joint tenants, and married her.

Since there was no testimony as to any consultation between respondent and attorney Brosius prior to these allegedly fraudulent and/or contemptuous acts, the court erred in ordering Brosius to testify as to communications between the two, in violation of the attorney-client privilege (see Code of Professional Responsibility DR 4-101 [b], [c] [22 NYCRR 1200.19 (b), (c)]; *Matter of D'Alessio v Gilberg*, 205 AD2d 8 [1994]; *People v Radtke*, 155 Misc 2d 21 [1992]; *People v Belge*, 83 Misc 2d 186 [1975], *affd* 50 AD2d 1088 [1975], *affd* 41 NY2d 60 [1976]). Nor was there any evidence of a waiver of the attorney-client privilege, as respondent never placed the subject matter of her conversations with counsel in issue (*cf. Melcher v Apollo Med. Fund Mgt. L.L.C.*, 37 AD3d 217 [2007]).

Respondent has presented no valid reason for reassignment of the matter to another Justice. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.