■ In the Matter of VERONICA WRIGHT-ROBERTS, Appellant, v LIVINGSTON ROBERTS, Respondent. [917 NYS2d 171]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about June 28, 2010, which denied petitioner's motion to compel respondent and/or his counsel to comply with a demand pursuant to CPLR 3118 for a verified statement setting forth respondent's post office address and residence, unanimously reversed, on the law, without costs, and the motion granted.

Respondent father has failed to pay child support, with the result that he is in substantial arrears. He has failed to make any payments of those arrears or appear at any scheduled court proceedings since October 2009, and a warrant for his arrest was issued in January 2010. Despite numerous attempts by the New York County Sheriff's Office to execute the warrant at four addresses either provided by respondent in these proceedings or identified by the Sheriff's Office, the warrant remains outstanding. To ascertain respondent's residence, petitioner served a CPLR 3118 demand on respondent's attorney for his client's address. When that demand was not complied with, petitioner moved for an order compelling respondent and/or his counsel to provide a verified statement setting forth respondent's post office address and residence.

Pursuant to CPLR 3118, respondent, as a party in this action, is required to provide petitioner with a verified statement setting forth his post office address and residence. Moreover, respondent's counsel, who is currently representing respondent in the pending litigation, can also be compelled to disclose his client's address, if it is known by him, without implicating the attorney-client privilege, since "disclosure is necessary for the proper administration of justice" (see Matter of Jacqueline F., 47 NY2d 215, 221 [1979]). It may be unlikely that respondent will comply with an order directing him to disclose his address, given his history of willfully failing to comply with court orders. However, that does not justify denying petitioner the relief to

which she is entitled in the first instance. Respondent should not be permitted to hide from his obligations with impunity. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.